**BARSHAY SANDERS**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 ext 1270
File No.: 123062
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Hahm,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Citibank, N.A., Equifax Information Services, Inc. and TransUnion LLC,<br><br>　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

　　　　Jonathan Hahm ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Citibank, N.A., (hereinafter referred to as "*Citibank*" or *"Furnisher Defendant"*); Equifax Information Services, LLC (hereinafter referred to as "*Equifax*") and TransUnion LLC (hereinafter referred to as "TransUnion") (Equifax and TransUnion are hereinafter collectively referred to as "*CRA Defendants*") (collectively Furnisher Defendant and CRA Defendants are referred to as "*Defendants*") as follows:

### **INTRODUCTION**

　　　　1.　　This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq*, and New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq ("NY FCRA")*.

　　　　2.　　This action is commenced against the CRA Defendant for its failure to promptly remove obsolete information pursuant to pursuant to NY FCRA § 380-F for CRA Defendant's failure to comply with the proper procedures for resolving disputes after a consumer disputes an item.

1

3. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

8. Plaintiff Jonathan Hahm is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c) and N.Y. GBS LAW § 380-a(b) of NY FCRA.

10. Defendant Citibank is a "furnisher of information" (hereinafter "*Furnisher*") as

11. Defendant Citibank is a national banking association and subsidiary of Citicorp, which is a subsidiary of Citigroup, Inc., Citibank's principal place of business is located at 701 East 60th Street North, Sioux Falls, SD 57104 and conducts substantial business and maintains branches in this judicial district.

12. Defendant Equifax is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f) and GBS § 380-A(e), that regularly conducts business in this judicial district.

2

13. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

14. Defendant Equifax by contractual agreement, disbursed consumer background reports for remuneration to third parties.

15. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

16. Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f) and GBS § 380-A(e), that regularly conducts business in this judicial district.

17. Defendant TransUnion is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany NY 12207.

18. Defendant TransUnion by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

19. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

20. The FCRA mandates the CRA Defendants adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

21. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

22. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

23. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FACTUAL ALLEGATIONS**

24. Plaintiff Jonathan Hahm had a $404 outstanding debt with Citibank which he needed to resolve in order to allow him to qualify for a mortgage and additional credit lines.

25. The Plaintiff reached a settlement for this debt to pay it off in its entirety on or around May 21, 2021.

26. This settlement resolved the debt in its entirety and nothing more is due and owing. As such, Plaintiff's credit reports should reflect that the debt is settled or paid off for less than the amount owed.

27. Following the settlement, Plaintiff's consumer credit reports with CRA Defendants continue to report as "unpaid" with a monetary balance.

28. Plaintiff caused a FCRA dispute letter to be sent to CRA Defendants, informing them that the Citibank tradeline was settled, paid off and that no balance should be reflected and to update or delete the account.

29. The FCRA dispute letter was received by Equifax on or around May 30, 2021 received by TransUnion on or around June 5, 2021 triggering their duties to conduct a reasonable investigation.

30. Upon information and belief, within five business days of receipt of the FCRA disputes, CRA Defendants forwarded the notice of dispute and all relevant information regarding the disputes to Citibank.

31. Upon information and belief Citibank received the notices of dispute and all relevant information regarding the disputes from the CRAs.

32. Now, more than thirty (30) days have passed for all Defendants to investigate the FCRA dispute, but Defendants continue to report the debt as an unpaid with a remaining balance of $204.

33. Plaintiff's consumer credit reports were last updated by Equifax on June 22, 2021 and on June 23, 2021 by TransUnion. Rather than updating Plaintiff's Citibank tradeline to reflect that the case was settled, they inaccurately and misleadingly subtracted the settlement amount from the outstanding balance and listed that figure as the new balance.

34. Since this debt was settled and paid off entirely, the reporting of the debt as "unpaid" and having any balance is inaccurate, misleading and violates the FCRA.

35. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

36. Had Defendants performed a reasonable investigation, the Citibank account would have been modified to reflect the fact that it was settled with no remaining balance, or the tradeline would have been deleted entirely.

37. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to embarrassment, emotional and mental pain as well as the cost and time associated with requesting credit reports and submitting dispute letters.

38. Plaintiff is immensely frustrated and feels stressed and trapped by the shadow of this debt which has hampered the Plaintiff's ability to qualify for a mortgage.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

41. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's background reports, but failed to do.

42. Upon information and belief, the CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

43. In violation of §§ 1681e(b) and 1681(i), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

44. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to correct the inaccurate information.

45. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

46. In violation of § 1681o and § 1681n, the CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

47. The CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

48. As a result of the CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

49. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

52. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

53. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

54. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

55. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

56. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

57. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

58. The CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

60. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

63. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

64. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

65. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

66. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendants, upon information and belief, the CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

67. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding that the disputes.

68. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

69. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

70. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

71. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

72. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

73. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

74. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

75. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

76. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

77. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

78. As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

79. Further, Plaintiff suffered actual damages which have been further described above.

80. The Furnisher Defendant's conduct was willful in that they had direct knowledge of the settlement agreement, were a party to that settlement, received payment for the settlement, and received the FCRA dispute notice(s) of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

81. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82. In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

83. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV
### CRA Defendant's Violations of the NY FCRA, N.Y. Gen. Bus. Law § 380

84. NY FCRA, N.Y. Gen. Bus. Law § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to that section.

85. In addition, NY FCRA, N.Y. Gen. Bus. Law § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

(2) Refrain from reporting the item in subsequent consumer reports,

(3) Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

86. Here, a dispute letter was received by Equifax on or around May 30, 2021 received by TransUnion on or around June 5, 2021 triggering their duties to conduct a reasonable investigation.

87. CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the Citibank Account.

88. CRA Defendants also failed to provide the Plaintiff notice of their rights pursuant to N.Y. Gen. Bus. Law § 380-f(b)(3).

89. CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

90. As such, the CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorney's fees pursuant to N.Y. Gen. Bus. Law § 380-L.

91. At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorney's fees pursuant to N.Y. Gen. Bus. Law § 380-M.

92. As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress and the time and expense of obtaining credit reports and disputing this item with the consumer reporting agencies.

93. As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to N.Y. Gen. Bus. Law §§ 380-L and 380-M.

## JURY DEMAND

94. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

- a  Adjudging that Defendants actions violated the FCRA and GBL; and
- b  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
- c  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- d  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);
- e  Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).
- f  Granting Plaintiff actual damages, punitive damages, attorney's fees and costs pursuant to N.Y. Gen. Bus. Law §§ 380-L and 380-M.
- g  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
- h  Such other and further relief as the Court determines is just and proper.

DATED: July 20, 2021

**BARSHAY SANDERS**

By: ___/s/ Alain Cesar___
Alain Cesar, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: acesar@barshaysanders.com
File No.: 123062
*Attorneys for Plaintiff*